Honorable Franklin D. Burgess

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| VIKKI PAGE, ) | |
| ) | No. 3-05-05334-FDB |
| Plaintiff, ) | |
| v. ) | **STIPULATED PROTECTIVE ORDER** |
| ) | |
| LAIDLAW TRANSIT SERVICES, INC., ) | |
| STEVE DUGAN, individually and the marital ) | |
| community thereof with JANE DOE DUGAN, ) | |
| and DOES 1-10, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## STIPULATION

The parties, by and through their respective counsel of record, agree that certain documents produced in this litigation contain information which is considered confidential. In order to protect these documents, the parties hereby stipulate and agree to the following Protective Order:

1. **Scope and Purpose of this Order:** This Protective Order shall govern the designation and handling of protected documents produced by any party in discovery in this litigation, whether by voluntary production or disclosure or in response to any formal discovery procedure, including designation and handling of nonpublic information of a confidential nature. This Protective Order does not affect any party's obligations under the Federal Rules of Civil

STIPULATED PROTECTIVE ORDER - 1
(3-05-05334-FDB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

Procedure to produce documents as required by the rules of discovery or an order of the Court. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential or proprietary nature.

2. **Standard for Protected Documents:** Any person who is required to produce documents or information in discovery in this litigation may designate material produced as a protected document(s) pursuant to this Protective Order. All designations must be based on the good faith belief that the information constitutes (a) proprietary or sensitive business, personal, medical, or financial information; or (b) information subject to a legally protected right of privacy.

3. **Protected Documents:** Protected document(s) are those documents marked "CONFIDENTIAL" by any party. These documents, referred to hereinafter as "protected documents," will be covered by this Protective Order and will be used only for the purposes of this case, and will not be used by any party or his or her counsel for any purpose unrelated to this case.

4. **Designating Protected Documents:**

    a. **Marking Protected Documents:** Protected documents shall be designated as confidential by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent, preferably in the lower right hand corner.

    b. **Designating Deposition Testimony:** Any party or non-party wishing to designate a portion or all of deposition testimony or deposition exhibits as confidential may do so on the record during the deposition, or within 30 days after receipt of the deposition transcript and exhibits by providing written notice of the designation to the parties and any other affected person. The party making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as confidential are appropriately bound by the reporter.

    c. **Subsequent Designation:** A protected document produced or disclosed without a "CONFIDENTIAL" designation may be subsequently designated by any party as

STIPULATED PROTECTIVE ORDER - 2
(3-05-05334-FDB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

confidential. In each such case, the designating person shall provide to all other parties written notice of that designation and a copy of the document marked in accordance with paragraph (4)(a). No person shall be liable for publicly disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of written notice pursuant to this paragraph.

5. **Maintaining Designated Protected Documents:** Any protected document must be maintained in a manner reasonably calculated to preserve its confidentiality.

6. **Disclosure of Protected Documents:**

    a. Except as set forth herein or by any subsequent court order, no protected documents shall be delivered, exhibited, or disclosed to any persons unless done in a manner in compliance with this Protective Order.

    b. Protected documents may be delivered, exhibited, or disclosed to the following persons subject to the limitations in paragraph (5) of this Protective Order:

        i. Counsel representing the named parties in this case and any paralegal, clerical, or other employee of such counsel assisting in the prosecution or defense of this litigation;

        ii. Any copying services hired by counsel to copy documents in bulk;

        iii. The court or any court personnel subject to the limitations of paragraph (7);

        iv. Any person testifying or attending a deposition subject to the limitations of paragraphs (4)(b) and (5) of this Protective Order;

        v. Any person identified as having authored or having previously received the protected document(s);

        vi. Private investigators and their staff, who are designated and employed for the purpose of this litigation by the receiving party and who are not employees of said party or its affiliates;

        vii. The parties and their client representatives for any purpose in this litigation; and

        viii. Former employees or agents.

    c. The parties' counsel shall require all persons, except those referred to in paragraph (6)(b), before being given access to any protected document, to read and agree to be

STIPULATED PROTECTIVE ORDER - 3
(3-05-05334-FDB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

bound by this Protective Order by endorsing the certification attached as Exhibit A. Counsel shall retain this certification.

      d.    This Protective Order does not apply to information obtained by or made available to any such person by means other than the discovery provisions of the Federal Rules of Civil Procedure.

    7.    **Filing of Protected Documents:**

      a.    **Filing under Seal:**  All material designated by a party as CONFIDENTIAL shall be filed under seal pursuant to Western District of Washington Local Rule 5(g). If the filing party cites to portions of an exhibit and/or deposition transcripts that are not designated as CONFIDENTIAL material, the filing party need not file the document not designated as CONFIDENTIAL under seal.

      b.    **Failure to File under Seal:**  If any party (filing party) fails to file protected documents or information under seal, the producing party or any party claiming confidentiality can write to the filing party requesting that counsel take immediate steps to place the protected document or information under seal. If the filing party fails to take corrective action within three days of notification, the producing party may move the Court to request that the court place the protected documents or information under seal. If the filing party was given proper notice, failed to take corrective action, and the producing party successfully intervenes to place the protected documents or information under seal, that producing party will be entitled to the costs of the motion.

      c.    **Consent to File – Documents Not Filed Under Seal:**  Any party may file documents marked CONFIDENTIAL with the court without filing those documents under seal provided that the party, prior to filing such documents, obtains the written consent of the party that previously designated the documents as confidential. In addition, any party may file documents that they themselves have previously marked as confidential without breaching this agreement or being found in violation of this agreement in any respect.

STIPULATED PROTECTIVE ORDER - 4
(3-05-05334-FDB)

8. **Producing Parties Use of Protected Documents:** Nothing in this Protective Order limits a producing party's use of its own documents or documents obtained through means other than discovery requests or subpoenas in this litigation. Such disclosures shall not affect any confidential designation made under the terms of this Protective Order.

9. **Inadvertent Disclosure:** The parties further agree that any party inadvertently producing a privileged or work product document may, upon discovery of such inadvertent production, request return of the document. The document must then be returned to the producing party, subject to the right of any other party to contest the assertion of any attorney-client or work product designation by appropriate motion to the Court. However, the document(s) will be treated as privileged or work product in the interim.

10. **Disputes as to Confidentiality Designation:**

    a. **Meet and Confer Requirement:** If, at any time, a party disagrees with the designation of a protected document, the parties must first attempt to resolve the dispute by conferring in good faith pursuant to FRCP 26 and 37.t.

    b. **Protective Order:** If the dispute is not resolved through the meet-and-confer process within 15 days of notification of the receiving party's disagreement with the Federal Rules of Civil Procedure. The parties may, however, agree to extend this period in order to bring any disputes about designations of protected documents to the Court either at one time or in as efficient a manner as possible.

    c. **Status Pending Resolution of Dispute:** Any disputed document or other material must be treated as a protected document under this Protective Order unless until entry of a court order ruling otherwise.

11. **Rights of Parties:** This Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any confidential information or for an order permitting disclosure of any confidential information beyond the terms of this Protective Order.

STIPULATED PROTECTIVE ORDER - 5
(3-05-05334-FDB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

12. **Documents for Trial:** After the pretrial conference, the parties must meet and confer to (a) reach an agreement as to the confidentiality of information to be used at trial, and (b) designate documents as trial exhibits. If necessary, the parties or the court will also develop a method for maintaining the confidentiality of such information and documents at trial. At the producing party's request, any document previously designated confidential must be used at trial only in a clean or redacted copy without any such designation.

13. **Upon Case Completion:** When this action, including entry of judgment or appeal, concludes and within 60 days after the litigation has been finally terminated, a producing party may request the return or destruction of all protected documents produced in this litigation, except those filed with the Court or agreed by the parties to be retained for purposes of effectuating any judgment. If such a request is made in writing, the recipient of the request will have 60 days in which to (a) return the documents, (b) destroy the documents, or (c) file a motion with the Court seeking an order upon good cause shown that documents should not be destroyed or returned. Even if there is no request to return the documents within the 60 days, the protected documents are still subject to the Protective Order with special attention to paragraph (5).

14. **Commencement:** The parties agree, by signature of counsel below, to abide by the terms of this Stipulated Protective Order once it has been signed by counsel regardless of when this Order is signed by the Court.

IT IS SO STIPULATED.

///
///
///
///
///
///
///
///

STIPULATED PROTECTIVE ORDER - 6
(3-05-05334-FDB)

Dated this 18th day of November, 2005.

| LAW OFFICES OF GRANT & ASSOCIATES | JACKSON LEWIS LLP |
|---|---|
| By: */s Roxanne* <br> Artis G. Grant, WSBA #26204 <br> Roxanne L. Rarangol, WSBA #30340 <br> Law Offices of GRANT & ASSOCIATES <br> 3002 South 47th Street <br> Tacoma, Washington 98409 <br> Fax: (253) 473-9695 <br> E-mail:  agrant@lawdome.com <br> E-mail:  rrarangol@lawdome.com <br> Attorneys for Plaintiff Vikki Page | By: */s Nick Beermann* <br> Katheryn Bradley, WSBA #31064 <br> Nick M. Beermann, WSBA #30860 <br> Jackson Lewis LLP <br> One Union Square <br> 600 University Street, Suite 2900 <br> Seattle, WA  98101 <br> Telephone:  (206) 405-0404 <br> Fax:  (206) 405-4450 <br> E-mail:  bradleyk@jacksonlewis.com <br> E-mail:  beermann@jacksonlewis.com <br> Attorneys for Defendant Laidlaw Transit Services, Inc. |

**ORDER**

Based upon the foregoing stipulation of the parties, it is hereby **ORDERED** that the provisions of the attached Stipulated Protective Order are hereby **GRANTED**.

DATED this 21st day of November 2005.

*[signature]*

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

//
//
//
//

Presented by:

STIPULATED PROTECTIVE ORDER - 7
(3-05-05334-FDB)

JACKSON LEWIS LLP


By     /s Nick Beermann
Katheryn Bradley, WSBA #31064
Nick M. Beermann, WSBA #30860
Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, WA  98101
Telephone:  206-405-0404
Fax:  206-405-4450
E-mail:  bradleyk@jacksonlewis.com
E-mail: beermann@jacksonlewis.com
Attorneys for Defendant Laidlaw Transit Services, Inc.


Approved as to form; Notice of presentation waived:

LAW OFFICES OF GRANT & ASSOCIATES


By     /s Roxanne L. Rarangol
Roxanne L. Rarangol, WSBA #30340
Artis G. Grant, WSBA #26204
Law Offices of GRANT & ASSOCIATES
3002 South 47th Street
Tacoma, Washington 98409
Fax: (253) 473-9695
E-mail:  agrant@lawdome.com
E-mail:  rrarangol@lawdome.com
Attorneys for Plaintiff Vikki Page

STIPULATED PROTECTIVE ORDER - 8
(3-05-05334-FDB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

**Exhibit A**

I, _____, certify that I have received and read a copy of the Protective Order in *Vikki Page v. Laidlaw Transit Services, Inc and Steve Dugan*, No. 3-05-05334-FDB.  I agree to be bound by it.  I further understand that any protected document and any notes, memoranda or other form of information derived from it, may not be used, copied or disclosed by me to anyone else except in strict accordance with the Protective Order and then only for the prosecution and defense of this litigation.

Dated this ___ day of _____, 20___, in _____, Washington.

_____

STIPULATED PROTECTIVE ORDER - 9
(3-05-05334-FDB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404